UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA GRIGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV01598 ERW |
| ) | |
| CREDIT SOLUTIONS OF AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Remand to State Court [doc. #10].

## I. BACKGROUND

Christina Griggs ("Plaintiff") entered into a contract with Credit Solutions of America, Inc. ("Defendant"), in which Defendant promised to decrease Plaintiff's debt significantly in exchange for a fee. This contract contained an arbitration clause. Plaintiff originally filed a lawsuit in state court seeking damages, but voluntarily dismissed the suit when Defendant attempted to remove that action to federal court.

Subsequently, Plaintiff filed the pending action in the Jefferson County Circuit Court on July 28, 2008, seeking declaratory relief. This suit seeks a declaratory judgment that the arbitration clause could not be read to prohibit class arbitration, and that any arbitration fees in excess of court filing fees be paid by Defendant.

On October 15, 2008, Defendant filed a Notice of Removal, claiming that this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. The Notice of Removal states that there is complete diversity among the parties and that the amount in controversy exceeds

$75,000. Defendant alleges that, notwithstanding Plaintiff's contention that she is seeking declaratory relief, as opposed to monetary damages, the amount in controversy actually exceeds $75,000. To support this allegation, Defendant provides evidence of the first lawsuit filed by Plaintiff in state court. In addition to actual damages, Plaintiffs' original lawsuit requested attorney's fees and punitive damages that amounted to $500,000. Defendant claims that the original petition is evidence that if the declaratory relief is granted, Plaintiff will file a class arbitration seeking damages over $500,000.

On November 10, 2008, Plaintiff filed the pending motion to remand the case to state court. In the Motion to Remand, Plaintiff claims that the case should be remanded because the amount in controversy does not exceed $75,000. To support this claim, Plaintiff argues that she is simply seeking a declaratory judgment to determine who is responsible for paying the arbitration fees. Plaintiff states that the arbitration fees would amount to $40,000 at most, well below the $75,000 jurisdictional requirement.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). If a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. *See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951); *Hart v. Terminex Int'l*, 336 F.3d 541, 541-42 (7th Cir. 2003) (stating that it was "regrettable" that the case had to be dismissed for lack of subject matter jurisdiction "rendering everything that has occurred in [the] eight years [of litigation] a nullity"). However, "[f]ederal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). A claim may be removed to federal court only if it

2

could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 595 (8th Cir. 2002); *In re Bus. Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993).

Removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). Although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim and any doubts about the propriety of removal are resolved in favor of remand. *See In re Bus. Men's*, 992 F.2d at 183; *McHugh v. Physicians Health Plan of Greater St. Louis*, 953 F.Supp. 296, 299 (E.D. Mo. 1997). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

## III. DISCUSSION

Plaintiff asks that the Court remand this action, asserting that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332. Jurisdiction under § 1332 requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," along with complete diversity of citizenship among the parties. In the present case, there is no dispute that there is diversity of citizenship.[1] Instead, the issue before the Court is whether the amount in controversy requirement has been satisfied.

---

[1] Plaintiff is a resident and citizen of the State of Missouri, and Defendant is a corporation incorporated in the State of Texas.

Where a "complaint alleges no specific amount of damages or an amount under the jurisdictional minimum" the party who sought removal "has the burden to prove the requisite amount by a preponderance of the evidence." *Bell v. Hershey co.*, 2009 WL 465949, at *2 (8th Cir. Feb. 26, 2009) (quoting *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008); *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003)). To meet this burden, the removing party must present "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Hill v. Ford Motor Co.*, 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004).

Plaintiff states that the amount in controversy requirement is not satisfied because the object of this litigation is a declaratory interpretation of Defendant's arbitration clause. Specifically, she seeks a declaratory judgment stating that she is not barred from bringing a class arbitration and that Defendant must pay any arbitration fees in excess of court filing fees. Plaintiff concedes that as a result of the declaratory judgment Defendant may be required to pay arbitration fees. However, Plaintiff states that these fees would only amount to $40,000 at most, well below the § 1332 requirement. Plaintiff argues that the amount in controversy in this action is the value of the arbitration fees that would exceed filing fees.

In response, Defendant states that Plaintiff intends to file a class arbitration if the declaratory relief is granted and asserts that the amount in controversy equals the amount Plaintiff might seek in a potential future class arbitration. Defendant presents the original lawsuit filed by the Plaintiff as evidence of the amount in controversy. That lawsuit requested attorney's fees and punitive damages in the amount of $500,000, in addition to actual damages.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Fitzgerald Railcar Svcs. of*

4

*Omaha, Inc. v. Chief Industries, Inc.*, 141 F.App'x 491, 492 (8th Cir. 2005); *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). "[F]uture contingent losses not directly arising from [this action] should not be considered in evaluating the amount in controversy between these two parties." *Advance America Servicing of Arkansas, Inc. v. McGinnis*, 526 F.3d 1170, 1175 (8th Cir. 2008). The Court must determine the amount in controversy "by looking at what is involved in the case before the court, rather than by trying to predict possible effects resulting from judgment." *Id.* at 1172.

As a result, the Court must look at the value of the specific object of this litigation. *See Hartford Ins. Co. of the Mid-West v. Wylie*, 2005 WL 902776, *3 (E.D. Mo. 2005). In this action, Plaintiff seeks a declaratory judgment that the arbitration clause could not be read to prohibit class arbitration, and that any arbitration fees in excess of court filing fees must be paid by Defendant. Plaintiff is not asking the court to compel arbitration, nor is she seeking monetary judgment against Defendant. Defendant's argument that the provision in the arbitration agreement that could possibly result in a future arbitration award in excess of $75,000 fails to persuade the Court that there is federal jurisdiction in this case.

The Court recognizes that this action may lead to future arbitration that would result in an award over $75,000, however, Plaintiff has stated that the value of the right to be enforced does not exceed $75,000 and Defendant has not satisfied its burden of proving by a preponderance of the evidence that the value of the action that is actually before the Court exceeds $75,000. Furthermore, this Court is required to resolve any doubts over jurisdiction in favor of remand. As a result, this Court does not have subject matter jurisdiction under 28 U.S.C. § 1332, and removal to federal court was improper. The Plaintiff's Motion to Remand is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand to State Court [doc. #10] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss or Transfer [doc. #8] is **DENIED, as moot.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Twenty Third Judicial Circuit Court, Jefferson County, Missouri from which it was removed.

Dated this 31st Day of March, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE